FILED

MAR 10 2020

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN KILLINGBECK,<br><br>                  Petitioner,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>                  Respondent. | Civil Action No. 20-0170 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on consideration of the *pro se* complaint, construed as a petition for a writ of mandamus, and the petitioner's application to proceed *in forma pauperis*.

Petitioner was convicted in the U.S. District Court for the Northern District of New York "of receipt and possession of child pornography, *see* 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B), and [that court] sentence[ed] him principally to a 240–month term of incarceration." *United States v. Killingbeck*, 616 F. App'x 14, 15 (2d Cir. 2015) (affirming convictions), *cert. denied*, 136 S. Ct. 2457 (2016); *see* Compl at 3 & Appx. H. The Northern District of New York denied his post-conviction motion under 28 U.S.C. § 2255 as untimely. *Killingbeck v. United States*, No. 5:12-CR-63 (N.D.N.Y. May 3, 2018), *appeal dismissed*, No. 18-1611 (2d Cir. Oct. 24, 2018).

The petitioner opines that the evidence used to convict him is derived from "the newsgroups, or usenet, service of the Internet," the use of which no federal or state law regulates. Pet. at 3. It appears that plaintiff is in search of additional evidence from the Federal Communications Commission ("FCC") and is asking the FCC to answer specific questions, *see*

*id.*, Appx. A at 6-8, the responses to which purportedly will form a basis for pursuit of a second or successive motion under 28 U.S.C. § 2255, *see id.* at 6-7. According to the petitioner, the FCC is authorized under "Title 47 CFR § 0.141 . . . to answer and publish answers to informal complaints and prepare such documents for court."

The Court construes the petitioner's complaint as a petition for a writ of mandamus. A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Petitioner is entitled to mandamus relief only if he "demonstrate[s] (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016) (citing *United States v. Monzel*, 641 F.3d 528, 534 (D.C. Cir. 2011)). This petitioner addresses none of these elements and, therefore, cannot meet this high burden. Furthermore, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and the petitioner does not demonstrate that the FCC's purported obligations under 47 C.F.R. § 0.140 are mandatory rather than discretionary.

The Court will grant the petitioner leave to proceed *in forma pauperis*, deny the request for a writ of mandamus, and dismiss this civil action. An Order accompanies this Memorandum Opinion.

DATE: March 10, 2020

TREVOR N. McFADDEN
United States District Judge